FILED
May 15, 2026
09:52 AM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| STEPHEN EILAND,<br>      **Employee**,<br>**v.**<br>**LABOR FINDERS OF**<br>**TENNESSEE,**<br>      **Employer**,<br>**and**<br>**SUNZ INSURANCE COMPANY,**<br>      **Carrier**. | Docket No. 2026-30-0213<br><br><br>State File No. 20127-2025<br><br><br>Judge Lisa A. Lowe |

---

## EXPEDITED HEARING ORDER
### *Decision on the Record*

---

Mr. Eiland injured his neck during a motor vehicle accident. Labor Finders accepted the claim, authorized treatment with Dr. Patrick Bolt, and paid temporary disability benefits. Later, Labor Finders suspended temporary benefits for non-compliance with medical treatment. He asked the Court to order additional recommended treatment and resumption of temporary benefits.

### Claim History

Mr. Eiland was a passenger in a box truck delivering windows. The driver struck a guardrail at approximately 55-60 miles per hour. Mr. Eiland felt pain in his neck and reported the injury. Labor Finders authorized medical treatment.

Initially Mr. Eiland sought treatment with Dr. CAJ Johansson, who diagnosed cervical strain and assigned restrictions. Later, he saw orthopedic physician, Dr. Patrick Bolt, who ordered conservative treatment, including physical therapy. Dr. Bolt continued restrictions of no overhead work, no outstretched arm, no lifting more than five pounds frequently and 20 pounds maximum, and no stooping/bending/twisting. Labor Finders could not accommodate these restrictions

1

and paid temporary partial disability benefits.

Mr. Eiland continued to have pain after physical therapy, so Dr. Bolt recommended facet injections, which offered temporary relief, but his pain returned. On October 22, 2025, Mr. Eiland saw a Nurse Practitioner at Dr. Bolt's office who recommended a medial branch block and if it gave him significant relief, he might be a candidate for ablation. Dr. Bolt signed the note adopting the treatment plan. Mr. Eiland did not provide medical records after that date.

Mr. Eiland asserted that Labor Finders did not approve the additional treatment and terminated his temporary benefits on December 30, citing "claimant's whereabouts unknown - TTD paid through 12/30/25." Mr. Eiland testified that Labor Finders did not contact him about his location or his benefits.

Labor Finders argued that Mr. Eiland has a history of non-compliance, which led to termination of his temporary benefits. It noted that Mr. Eiland only completed a portion of the ordered physical therapy visits and did not appear for appointments with Dr. Bolt on July 15 and September 17, visit. Further, in December 2025, Mr. Eiland's attorney advised that he was unable to contact his client. Based on Mr. Eiland's non-compliance with medical treatment and the inability to locate him, Labor Finders terminated temporary benefits.

Following a request, the Court granted Labor Finders more time to depose Mr. Eiland. The parties scheduled the deposition for May 7, but Mr. Eiland did not appear. The order also set a May 13 deadline for the parties to supplement their briefs.[1]

## Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Eiland must show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

---

[1] On May 13, in addition to filing a supplemental brief, Labor Finders moved for sanctions, including dismissal, and to the extend proof deadline. The Court will address that motion in a separate order.

*Medical Benefits*

Tennessee Code Annotated section 50-6-204(a)(1)(A) provides, "The employer . . . shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by [the] accident[.]"

Here, Dr. Bolt's office ordered the additional treatment that Mr. Eiland seeks in October 2025. Due to the time since that treatment order, Labor Finders shall authorize a return visit to Dr. Bolt to determine what treatment, if any, is currently reasonable, necessary, and causally related to the work injury.

*Temporary Disability Benefits*

Labor Finders paid temporary benefits when Mr. Eiland complied with treatment. Based on Mr. Eiland's non-compliance and his attorney's representation that Mr. Eiland could not be found, Labor Finders terminated those benefits. Tennessee Code Annotated Section 50-6-204(d)(7) states that if an injured employee refuses to comply with treatment, his right to compensation shall be suspended and no compensation shall be payable while the employee continues to refuse.

Mr. Eiland was non-compliant with medical treatment, did not provide an updated address for temporary benefits, and temporarily ceased contact with his attorney. Thus, he is not likely to prevail on the issue of resumption of temporary benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Labor Finders shall authorize a visit with Dr. Bolt to determine what, if any, reasonable, necessary, and causally related treatment Mr. Eiland currently needs.

2. Mr. Eiland is not entitled to temporary benefits at this time.

3. The Court sets a Status/Scheduling Hearing on **August 18, 2026**, at **10:30 a.m. Eastern Time**. The parties must call 855-383-0003 to participate.

4. Unless appealed, compliance must occur **seven** business days of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED May 15, 2026.**

Lisa A. Lowe

**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

## APPENDIX

*Exhibits:*

1. Petition for Benefit Determination
2. Motion to Amend Dispute Certification Notice
3. Dispute Certification Notice
4. Hearing Request
5. Employee's Brief in Support of Hearing Request
6. Family Care Specialists Medical Records
7. Dr. Patrick Bolt's Medical Records
8. Notice of Change or Termination of Compensation Benefits
9. Rule 72 Declaration of Stephen Eiland
10. Employer's Objection to Hearing Request
11. Employee's Response to Employer's Objection to Hearing Request
12. Order for On-The-Record Determination
13. Employer's Motion to Reconsider Court Order
14. Employee's Response to Motion to Reconsider Court Order
15. Order Denying Motion for Reconsideration
16. Docketing Notice on-the-Record Determination
17. Employer's Motion for Extension of Time to File Pre-Hearing Statement
18. Agreed Order

# CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on May 15, 2026.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Adam Brock-Dagnan, Employee's Attorney | | X | adam.brockdagnan@forthepeople.com |
| Allen Grant, Ryann Freemon, Employer's Attorneys | | X | agrant@hrslawga.com rfreemon@hrslawga.com |

*Penny Shrum*
_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation $ _____ per month     Child Support $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____